## Harlow v. Brand et al.

Feb. 25, 1941.

Raymond C. Arny for appellant.

Wm. S. Kammerer for Clara R. and Chas. W. Brand.

Alfred B. Brand not represented.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

The appellant brought this action in the Jefferson circuit court to recover of appellee, Alfred B. Brand, on a series of notes ranging in date from 1927 to 1935, respectively. One note was for the sum of $1,000, two for about $400 and $500 respectively, and several others for only $10 each. Also, in the same action appellant sought to have cancelled and set aside a certain deed executed by appellees, Alfred B. Brand and Charles W. Brand, to Clara R. Brand, wife of Charles W. Brand.

Appellant alleged in his petition that in 1935 and after the execution of the notes mentioned above, appellees Alfred B. Brand and Charles W. Brand were joint owners of certain real estate in the city of Louisville which they had inherited from their deceased mother, Sallie Brand, and that they jointly conveyed

the same to Clara R. Brand, wife of Charles W. Brand, without consideration and for the sole purpose of cheating and defrauding the creditors of Alfred B. Brand, and particularly the appellant. By subsequent pleadings issues joined on both phases of the case and the evidence taken by deposition and upon trial of the case the court rendered personal judgment against Alfred B. Brand for the notes sued on with interest, etc., and that part of the judgment is not involved in this appeal. The court refused, however, to set aside the deed and from that part of the judgment appellant has prosecuted this appeal.

Appellees denied in their answer that the conveyance mentioned above was without consideration or otherwise fraudulent. The facts sought to be proved in defense to the attack upon the conveyance of the real estate were that during the lifetime of Sallie Brand, who died in 1934, she made numerous advancements from time to time to Alfred B. Brand aggregating the sum of $5,500, and upon the death of their mother Alfred B. Brand was indebted to the estate or to Charles W. Brand as the only other heir of their deceased mother, one-half the sum of such advancements or approximately $2,800, and that said conveyance by Alfred B. Brand to Clara R. Brand to his one-half interest in the real estate inherited from his mother was made in consideration of such advancements and in order to equalize his brother Charles W. Brand, in his share of their deceased mother's estate; and also, the father of Alfred B. and Charles W. Brand, who died in 1935, subsequent to the death of their mother, left a net estate of $1,400, the amount of two insurance policies, and Charles W. Brand turned over to Alfred B. Brand $600 of his share of this insurance money which he inherited from his father, and Clara R. Brand, grantee, assumed payment of a mortgage of $1,000 against one parcel of the real estate conveyed.

According to the evidence of Charles W. Brand and other witnesses for appellees, for many years Alfred B. Brand had been an habitual gambler and engaged in extravagant and riotous living and as a result he frequently became financially involved and. to relieve him of his financial troubles, Sallie Brand sold two parcels of real estate and applied the proceeds or a large portion thereof to the indebtedness and obligations of her

son, Alfred B. Brand, by paying such obligations or paying the money over directly to him, and that these advancements or sums of money spent by his mother in his behalf amounted to at least $5,500. And, it is also shown without serious contradiction, if at all, that at the time of the conveyance of the real estate in question, Charles W. Brand turned over to Alfred B. Brand $600 cash of the former's share of their father's insurance; and further, there was a $1,500 mortgage on one parcel of the real estate conveyed which had been reduced to $1,000 and the grantee, Clara R. Brand, assumed this $1,000 balance on the mortgage.

The evidence in behalf of appellees is not seriously contradicted or, at the most, the contradiction is insufficient to destroy or seriously impair the probative value of the evidence adduced in behalf of appellees.

The Chancellor wrote a memorandum opinion which is made part of the record, the pertinent parts of which we here quote:

"The defendants have satisfactorily established the fact that Alfred B. Brand, during the life time of his father, was advanced sums of money at least equal to $5,500.00. Of course, this was due his mother's estate from him and in any settlement of his mother's estate, the said estate was entitled to the 'right of retainer.'

"In the case of Veatch's Adm'r v. Loverett, 265 Ky. 532, 97 S. W. (2d) 47, the Court of Appeals held that where an advancement has been made to an heir, the same shall be accounted for by him in the distribution of his ancestor's estate before he shall receive any part thereof.

"Prior to this Veatch case it was thought that this right of retainer was applicable only to personal estate but the Veatch case settles that it is applicable to real estate as well.

"This being true, before Alfred B. Brand acquired any beneficial ownership in the real estate descended from his mother, he would have to account for all advancements made him.

"Of course, to the extent of one-half of such advancements, he was beneficiary and need only ac-

count for the other one-half. In this case this other one-half would amount to about $2800.00 and this was about all his interest in his mother's real estate amounted to. The estate having the right of retainer, it was the duty of Brand to convey the property to his brother or his brother's nominee as he did and since Alfred never had any beneficial ownership in the property and nothing more than a mere naked legal title there was no fraudulent conveyance, since, as held in the Veatch case, a creditor simply stands in the shoes of the heir and his rights are no greater than that of the heir.

"What I have said being true, it obviously follows that there was no fraudulent conveyance of the property here in question and insofar as the petition seeks to set aside the conveyance to the defendant, Clara R. Brand, it should be dismissed."

Upon examination of the evidence for ourselves we find it sufficient to sustain the finding of the Chancellor, and we also find that the law measured to the facts of the case as enunciated by the Chancellor in his opinion is applicable to the facts of this case and we hereby adopt the opinion of the Chancellor as the opinion of this court.

Judgment affirmed.